UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD SKAGGS, SR., ) | 3:05CV2494 |
| ) | |
| Petitioner ) | JUDGE SARA LIOI |
| ) | (Magistrate Judge Kenneth S. McHargh) |
| v. ) | |
| ) | |
| JESSIE WILLIAMS, ) | |
| Warden, ) | |
| ) | |
| Respondent ) | REPORT AND RECOMMENDED |
| ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

    The petitioner Ronald Skaggs, Sr. ("Skaggs") has filed a petition pro se for a writ of habeas corpus regarding his 2003 felony convictions for trafficking in cocaine, possession of marijuana, and engaging in a pattern of corrupt activity, in the Wood County, Ohio, Court of Common Pleas.  (Doc. 1.)  Skaggs raises four grounds for relief in his petition:

    1.  Denied due process of law to the effective assistance of appellate counsel.

    2.  Ineffective assistance of trial counsel.  Trial counsel missed court dates scheduled for Petitioner including the most crucial stage; sentencing proceedings.

    3. Consecutive Sentences violation of U.S. Supreme Court Decision.

    4. New evidence recently received shows a Detective Ackley perjuring himself by inflicting life threatening testimony on Petitioner.

(Doc. 1, §§12.A.-12.D.)

The respondent argues that the petition should not be granted because Skaggs has procedurally defaulted three of his claims, and the remaining claim lacks merit.  (Doc. 10, at 11.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

In July 2002, appellant, Ronald Skaggs, was indicted by the Wood County Grand Jury on six counts: three second degree felony counts of trafficking in cocaine, violations of R.C. 2925.03(A)(1) and (C)(4)(d); one first degree felony count of trafficking in cocaine, a violation of R.C. 2925.03(A)(1) and (C)(4)(e); one third degree felony count of possession of marijuana, a violation of R.C. 2925.11(A) and (C)(3)(d); and one first degree felony count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1) and (B)(1). Pursuant to a plea agreement, Skaggs pled guilty to all six charges and was sentenced in May 2003, receiving two years on each of the second degree trafficking convictions; three years on the first degree trafficking conviction; one year on the third degree felony possession of marijuana conviction, all to be served concurrently. Three years on the first degree felony convictions of a pattern of corrupt activity were to be served consecutively, for a total of six years in prison. The court also imposed mandatory fines of $47,500 and the mandatory six month license suspension.

In November 2003, Skaggs filed a pro se motion to withdraw his guilty plea which was denied by the trial court without a hearing.

(Doc. 10, RX 14, at 2; State v. Skaggs, No. WD-04-002, 2004 WL 2848925, at *1 (Ohio Ct. App. Dec. 10, 2004).)

On Jan. 12, 2004, Skaggs filed a notice of appeal, based on the denial of the motion to withdraw his guilty plea.  (Doc. 10, RX 11.)  He filed the following assignments of error:

> 1. The court erred in failing to provide defendant with a hearing on his motion to withdraw his plea when defendant had credible claim for ineffective assistance of counsel.
>
> 2. The court erred in failing to grant defendant's motion to withdraw plea.

(Doc. 10, RX 12, at 3, 9.)

On Dec. 10, 2004, the court of appeals affirmed his conviction.  (Doc. 10, RX 14; State v. Skaggs, No. WD-04-002, 2004 WL 2848925 (Ohio Ct. App. Dec. 10, 2004).)

Skaggs filed a timely appeal with the Ohio Supreme Court on Jan. 10, 2005, setting forth the following five propositions of law:

> 1. Whether counsel is effective when he fails to appear for scheduled pre-trial hearings as well as sentencing hearing.
>
> 2. Whether a defendant is prejudiced when his attorney fails to appear at sentencing and delegates his responsibility to another attorney unfamiliar with the case.
>
> 3. Whether trial court abused its discretion and committed plain error in accepting a defendant's plea of guilty when defendant fails to receive competent counsel to advise him.
>
> 4. Whether a trial court abused its discretion in denying defendant to withdraw his guilty plea when defendant has demonstrated a manifest miscarriage of justice pursuant to Ohio Criminal Rule[s] of Procedure 32.1.
>
> 5. Whether defendant has suffered a manifest miscarriage of justice when trial court denied a post-conviction motion to withdraw his guilty plea based upon ineffective assistance of counsel.

(Doc. 10, RX 16.)

On April 13, 2005, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 10, RX 18; State v. Skaggs, 105 Ohio St.3d 1499, 825 N.E.2d 623 (2005).)

While his direct appeal to the Supreme Court of Ohio was pending, Skaggs also filed a motion, under Ohio App.R. 26(B), to re-open his original appeal on the grounds that appellate counsel was ineffective.  (Doc. 10, RX 19.)  Skaggs did not present assignments of error, but argued, as construed by the court of appeals, that

> . . . his appellate counsel failed to argue that the plea withdrawal should have been granted because of errors regarding conflicts between what he was charged with on the indictment, what he pled to at the plea hearing, and the charges on which the trial court ultimately imposed sentence.

(Doc. 10, RX 24, at 2.)

The court of appeals denied his application for re-opening on May 12, 2005.  (Doc. 10, RX 24.)  On June 27, 2005, Skaggs appealed this denial to the Ohio Supreme Court, raising the following two propositions of law:

> 1. Sentencing defendants to consecutive sentences of imprisonment are subject to the requirements of Ohio Sentencing Guidelines.
>
> 2. A sentencing court is bound by Ohio Felony Sentencing Guidelines and Decisionary Law of a superior court.

(Doc. 10, RX 26.)

On Sept. 7, 2005, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  (Doc. 10, RX 27; State v. Skaggs, 106 Ohio St.3d 1510, 833 N.E.2d 1250 (2005).)

Skaggs filed this petition for habeas corpus on Oct. 21, 2005.  (Doc. 1.)

II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Skaggs has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. EXHAUSTION AND PROCEDURAL DEFAULT

The respondent contends that the claims of the petition, with one exception, have been procedurally defaulted. (Doc. 10, at 11.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v.

Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the

procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

### IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The first ground of the petition alleges that Skaggs was denied due process of law because of the ineffective assistance of his appellate counsel, specifically that "appellate counsel failed to raise ineffective assistance of trial counsel," breach of the plea bargain, and also "failed to raise excessive fines." (Doc. 1, at §12.A.) The respondent contends that this claim contains three "subclaims," and that two of them have been procedurally defaulted or waived. (Doc. 10, at 11-13.)

The Sixth Circuit has held that a claim of ineffective assistance of counsel must be "presented to the state courts under the same theory in which it is later presented to the federal court" in order to satisfy exhaustion. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998).

As to the issue of procedural default, the Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." Monzo v. Edwards, 281 F.3d 568, 578 (6th Cir. 2002) (quoting State v. Williams, 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)). Claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals. Monzo, 281 F.3d at 577 (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)).

Skaggs moved to re-open his original appeal, under Ohio App. Rule 26(B), on the grounds that his appellate counsel failed to present the strongest arguments on appeal, which he contended should have been:

> 1. The trial court committed "Plain Error" when sentencing the Appellant contrary to the offenses charged in the indictment. [Citations to record omitted.]
>
> 2. Trial court abused its discretion when sentencing Appellant to consecutive terms of imprisonment in light of Appellant being a first time offender and that the enumerated findings required by law were never established; nor would they support a finding of imposing such sent. [*sic*]
>
> 3. Appellant's defense counsel failed to provide him the effective assistance of counsel when said counsel failed to raise the aforementioned errors, thus violating Appellant's Fifth, Sixth, and Fourteenth Amendment Rights to the United States Constitution and Article I, Section 16 of the Ohio Constitution.
>
> 4. Appellant's Counsel was deficient in representing him and failing to motion [*sic*] the court for treatment in lieu of conviction pursuant to statutory provisions.
>
> 5. Appellant suffered ineffective assistance of counsel when failing to file motion for indigency to determine Appellant's ability to pay excessive fines.

(Doc. 10, RX 19, at 3.)

Thus, it is apparent that two of the "subclaims" were not presented (under the same theory as here) to the state court in the Rule 26(B) motion:  there was no assertion of a breach of the plea bargain, and there was no allegation of a constitutionally excessive fine.  These claims thus have been waived.

As to the argument that "appellate counsel failed to raise ineffective assistance of trial counsel,"  Skaggs raises different issues in his habeas petition

than those raised in the Rule 26(B) motion. He claims that trial counsel failed to appear at several scheduled hearings, and that appellate counsel failed to raise this issue, an allegation not presented to the state court. (Doc. 1, supplement in support, at 1.)

However, the respondent concedes that Skaggs raised the argument that appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel in regard to his allegedly improper sentencing. (Doc. 10, at 12, 21.)

### A. State Court's Application of Strickland

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). The Sixth Circuit discussed ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland [v. Washington, 466 U.S. 668 (1984)], the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant. Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."
>
> There is a right to effective assistance of counsel in connection with a defendant's first appeal of right. It is not necessary for appellate counsel to raise every nonfrivolous claim on direct appeal. . . . "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."

Monzo, 281 F.3d at 579 (internal citations omitted).  See generally Evitts v. Lucey, 469 U.S. 387 (1985) (defendant entitled to effective assistance of counsel on direct appeal); Strickland, 466 U.S. at 689 (two-part test).

In the habeas context, this court considers petitioner's claim "within the more limited assessment of whether the state court's application of Strickland to the facts of this case was objectively unreasonable."  Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

The state court of appeals found that, because "no errors could be demonstrated, appellant cannot establish any claims of ineffective assistance of appellate counsel."  (Doc. 10, RX 24, at 3, citing Strickland and State v. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), cert. denied, 497 U.S. 1011 (1990).)  For example, the court noted that:

> . . . the record [on appeal] was lacking factual support for appellant's assignments of error.  Nevertheless, in the interest of justice, we reviewed the transcript of the plea proceedings provided on appeal and determined that the appellant had not established any manifest injustice in the trial court's denial of his motion to withdraw the guilty plea.

Id. at 2.  Thus, the court found that there was no prejudice, because the end result would not have been different.

This court does not make a determination of whether the state court decision was erroneous or incorrect.  The court does not find that state court's application of Strickland was objectively unreasonable.  Williams, 529 U.S. at 410-12; Washington, 228 F.3d at 702.  Skaggs has not established that the state court

decision regarding this claim was contrary to, or involved an unreasonable application of, clearly established federal law.

The petition should be denied as to the first ground.

## V. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The second ground of the petition alleges that trial counsel was ineffective because he missed several of the court dates scheduled for Skaggs, including the most crucial stage, the sentencing proceedings. (Doc. 1, at §12.B.) The respondent contends that this claim has been procedurally defaulted. (Doc. 10, at 13-14.)

Skaggs did not present a claim of ineffective assistance of counsel on direct appeal. (Doc. 10, RX 12.) Both of his assignments of error attributed error to the trial court, not to his counsel, in connection with the court's denial of his motion to withdraw his plea. Id. at 3, 9. The court affirmed his conviction, rejecting his arguments of errors by his counsel:

> Even if we presume that his attorney gave him erroneous information, Skaggs waived any such error since the trial court fully complied with Crim.R. 11, and Skaggs signed the plea agreement, fully aware there were no promises beyond the plea agreement. . . . It cannot be said that the trial court abused its discretion in denying Skaggs' motion to withdraw his plea. Accordingly, appellant's two assignments of error are not well-taken.

(Doc. 10, RX 14, at 7; Skaggs, 2004 WL 2848925, at *3.)

Any ineffective-assistance claims that Skaggs could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata. Coleman, 244 F.3d at 538; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967)

(syllabus).  Res judicata bars Skaggs from litigating an issue that could have been raised on direct appeal.  Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.  Res judicata will apply when a defendant who is represented by new counsel on direct appeal, as Skaggs was, fails to raise the issue of ineffective assistance of trial counsel.  Hicks v. Collins, 384 F.3d 204, 211 (6th Cir. 2004), cert. denied, 544 U.S. 1037 (2005); Monzo, 281 F.3d at 576-577.

Application of this Ohio rule satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417.  Skaggs has not shown cause or prejudice, the fourth factor under Maupin.  See generally doc. 11 (traverse).

The record reflects that Skaggs did not raise this claim in his direct appeal.[1] See doc. 10, RX 12.  Thus, Skaggs has procedurally defaulted his second ground.

VI. IMPROPER SENTENCING

The third ground of the petition is that his sentence was improper, to wit:

Petitioner being of ill health who did not pose a threat to the general public and did not possess any violence in his offenses should have only received the minimum of three years pursuant to Ohio Supreme Court decision.

(Doc. 1, at §12.C.)  The respondent argues that this claim was not presented as a distinct claim in the state courts.  (Doc. 10, at 14.)

---

[1] Although Skaggs did not raise the ineffectiveness arguments in his appeal to the state court of appeals, he attempted to raise them in his appeal to the Ohio Supreme Court.  (Doc. 10, RX 16.)  However, that court will not consider a constitutional question which was not raised and argued in the lower courts.  Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).

Skaggs contends that the trial court did not properly consider statutorily required criteria before imposing sentence on him. (Doc. 1, supplement in support, at 2; doc. 11, at 4-5.) A challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action. Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); Kipen v. Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003). Federal habeas relief is not available for a claimed error of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Howard, 2003 WL 22146139, at *2.

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Williams, 529 U.S. at 412-413; Lewis, 497 U.S. at 780; Mask v. McGinnis, 252 F.3d 85, 90 (2d Cir. 2001) (per curiam). Skaggs has not established that the state court decision regarding his sentencing, as a result of the plea bargain, was contrary to, or involved an unreasonable application of, clearly established federal law.

The petition should be denied as to the third ground.

## VII. ALLEGED EIGHTH AMENDMENT VIOLATION

The fourth and final ground of the petition is that: "New evidence recently received shows a Detective Ackley perjuring himself by inflicting life threatening testimony on Petitioner." (Doc. 1, at §12.D.) Skaggs asserts that a "DEA agent, Detective Ackley," falsely testified in an unrelated case that Skaggs was an informant. (Doc. 1, supplement in support, at 3; doc. 11, at 5.) "By and through

this Detective's misconduct, he violates Petitioner's Eighth Amendment Right to be free from cruel and unusual punishment." (Doc. 1, supplement in support, at 4.) Skaggs assert that he fears this false accusation may endanger him in his present confinement. Id. at 3-4.

The habeas statute provides that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a).

Skaggs' allegations regarding this fourth claim are unrelated to his own conviction, and thus are not amenable to federal habeas corpus relief. Skaggs has not established that a state court decision regarding an unrelated case was contrary to, or involved an unreasonable application of, clearly established federal law, insofar as it relates to his own conviction.

The petition should be denied as to the fourth ground.

## VIII. SUMMARY

The petition for a writ of habeas corpus should be denied. The first ground has been procedurally defaulted in part, and the second ground was procedurally defaulted as well. The remainder of the first ground, as well as the third and fourth grounds, should be denied because Skaggs has not established that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law.

## RECOMMENDATION

It is recommended that the petition be denied.

Dated:   April 9, 2007            /s/ Kenneth S. McHargh
                                                                     Kenneth S. McHargh
                                                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).